UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
MELINDA FARINA and                                                                                  Case No.:
BEAUTY BROKERS - MELINDA FARINA INCORPORATED,

                              Plaintiffs,                                                              **COMPLAINT**

       -against-

DANA ABED OMARI,                                                                       Plaintiffs Demand a Jury
                             Defendant.
------------------------------------------------------------------------X

Plaintiffs, MELINDA FARINA and BEAUTY BROKERS - MELINDA FARINA INCORPORATED, (hereinafter referred to as "Plaintiffs"), by and through her attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendant DANA ABED OMARI (hereinafter also referred to as "Defendant" or "OMARI"), upon information and belief, as follows:

## PRELIMINARY STATEMENT

Plaintiffs are Plastic Surgery Consultants. Defendant OMARI is an Instagram influencer who has used her social media presence to maliciously defame Plaintiffs and tortiously interfere with Plaintiffs' economic prospects.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action in that there exists complete diversity of citizenship and the amount in controversy well exceeds $75,000.

2. Venue is proper in that Defendant's tortious acts caused injury to Plaintiffs within the District of New Jersey.

3. Defendant committed tortious acts within the state.

4. Defendant committed tortious acts without the state causing injury to person or property

within the state.

5. Defendant posted defamatory content on Instagram about Plaintiff and Plaintiff's business specifically directed at Plaintiff and Plaintiff's business in New Jersey.

## PARTIES

6. Plaintiff Melinda Farina is an individual female who is a resident and citizen of the State of New Jersey, County of Hudson.

7. At all times material, Plaintiff BEAUTY BROKERS - MELINDA FARINA INCORPORATED is a corporation duly existing under the laws of the State of New Jersey with its principal place of business in the State of New Jersey.

8. Plaintiff Melinda A. Farina is a leading global consultant, innovator, and entrepreneur in the health and beauty industry.

9. At all times material, Plaintiff Melinda Farina operates through her business BEAUTY BROKERS - MELINDA FARINA INCORPORATED.

10. For the past 23 years Plaintiff Melinda A. Farina has been a consultant in the aesthetic surgery industry. She began as a boutique consultancy in New York City and gradually expanded globally, reaching over 60,000 clients and working with more than 3,000 surgeons. To date, she has attended over 4,000 live surgeries as part of her role in consulting clients.

11. At all times material, Defendant DANA ABED OMARI is an individual woman who is a resident and citizen of the State of Texas.

12. At all times material, Defendant DANA ABED OMARI resides at 1301 Richmond Ave Apt 550, Houston, TX 77006.

## MATERIAL FACTS

13. At all times material, Defendant DANA ABED OMARI operates an Instagram account called, "igfamousbydana."

14. Defendant DANA ABED OMARI bills herself online as a "skincare, aesthetics and pop culture influencer" who engages in "Teaching about photoshop/cosmetic procedures while being sassy." In reality, Defendant DANA ABED OMARI is a convicted felon[1] who shamelessly embarrasses celebrities by revealing private details about their plastic surgery procedures.

15. Defendant DANA ABED OMARI has become a plastic surgery consultant who competes with other consultants such as Plaintiffs.

16. In competing against other plastic surgery consultants such as Plaintiffs, Defendant DANA ABED OMARI has resorted to unlawfully making defamatory statements against Plaintiffs in order to gain an unfair competitive advantage for herself.

17. In one such instance, Defendant DANA ABED OMARI wrote and posted on her Instagram profile "igfamousbydana" that Plaintiff MELINDA FARINA is "just a dental hygienist **who gets paid on both ends** to book patients with plastic surgeons she says are in her "little black book." This is clearly a defamatory and libelous statement about Plaintiffs' business. (emphasis added)

18. Defendant DANA ABED OMARI went on to state in her post about Plaintiff, "And allegedly gets kickbacks." Lots of surgeons I know have STORIES, and tons of my followers have sent in stories of her being super rude, canceling all the time and being late, not helpful, and having a hard time getting their money back if she messes up or doesn't provide the services promised."

---

[1] In 2019, Defendant Omari was convicted of Electronic Access Interference. In 2016 Defendant Omari pled to a deferred adjudication for theft. In 2016, she was arrested for driving under the influence.

19. At no times have Plaintiffs been paid by the doctors to whom they refers client.

20. In making the above statements, Defendant Omari falsely implies that Plaintiff is a scam artist who sends clients to doctors in exchange for kickbacks. Defendant Omari falsely represents that Plaintiff is biased and acts against the patient's best interests due to alleged financial incentives that do not exist.

21. As Plaintiffs state on their website, "Unlike traditional consultancies, we don't serve the interests of surgeons but rather advocate solely for you – the patient."

22. Defendant DANA ABED OMARI cannot shield herself from a defamation claim by simply adding the word "allegedly" to her libelous statement above. (See New Jersey Supreme Court case, *Kotlikoff v Community News*, 89 NJ 62, 64, 444 A2d 1086, 1087 [1982]). Such use of the word "allegedly" above forms "a "mixed" opinion that implies underlying objective facts that are false. When a defendant in a defamation case uses words such as "allegedly" before a defamatory statement like above, a Plaintiff may sue for such statement because it implies knowledge of unsaid facts that are false. See also *Argenziano v. Fable*, 2021 N.J. Super. Unpub. LEXIS 4793

23. Below is a screenshot of the subject post:



24. At the time of making the above post, Defendant knew that Plaintiff resided in New Jersey and that her business was in New Jersey.

25. Plaintiffs specifically felt the brunt of the injury in the State of New Jersey.

26. That specifically directed the above post with the intent to harm Plaintiffs in the State of New Jersey.

## FIRST CAUSE OF ACTION
## DEFAMATION

27. Plaintiffs hereby incorporate by reference all preceding allegations as if fully set forth at length herein.

28. Defendant's actions constitute libel *per se*.

29. At all times relevant herein, Defendant has made statements that are false and negative representations concerning Plaintiffs and Plaintiffs' business.

30. The statements made by Defendant are false.

31. Defendant has made these statements to many people.

32. Defendant knew, or should have known, that the statements that she made were false when made and that it had no factual basis for making the statements that it did.

33. In addition, Defendant acted with malice.

34. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm to Plaintiffs, and, as a result, Defendant is liable to compensate Plaintiffs for the full amount of actual, compensatory, and punitive damages, as well as other such relief, as permitted by law.

## SECOND CAUSE OF ACTION
## FALSE LIGHT

35. Plaintiffs hereby incorporate by reference all preceding allegations as if fully set forth at length herein.

36. Through her actions, Defendant has placed Plaintiffs in a false light which is highly offensive to a reasonable person.

37. Defendant had knowledge of and/or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiffs were placed.

38. At all times herein mentioned, Defendant acted with actual and/or constructive malice.

39. As a result of Defendant's placing Plaintiffs in a false, light, Plaintiffs have been damaged in an amount to be determined at the time of trial.

## THIRD CAUSE OF ACTION
## TORTIOUS INTERFERENCE
## WITH PROSPECTIVE BUSINESS RELATIONS

40. Plaintiffs hereby incorporate by reference all preceding allegations as if fully set forth at length herein.

41. Under New Jersey law, the five elements of a claim of tortious interference with a prospective business relationship are: (1) plaintiff's reasonable expectation of economic benefit or advantage; (2) defendant's knowledge of that expectancy, (3) defendant's wrongful, intentional interference with that expectancy; (4) in the absence of interference, the reasonable probability that plaintiff would receive the anticipated economic benefit; and (5) damages resulting from defendant's interference.

42. Plaintiffs herein had a reasonable expectation of economic benefit or advantage from their presence online and general business reputation.

43. Defendant had knowledge of that expectancy.

44. Defendant wrongfully and intentionally interfered with that expectancy.

45. Plaintiffs further had the reasonable probability that plaintiffs would receive the anticipated economic benefit.

46. As a result of Defendant's actions, Plaintiffs have suffered damages in an amount to be determined at trial.

## JURY DEMAND

Plaintiffs request a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiffs requests that this Court enter judgment in their favor and against Defendant, as follows:

    a. Awarding Plaintiffs actual and compensatory damages against Defendant.
    b. Awarding Plaintiffs damages for emotional distress against Defendant.
    c. Awarding Plaintiffs damages for damage to reputation.
    d. Awarding Plaintiffs attorneys' fees and costs against Defendant.
    e. Awarding Plaintiffs punitive and presumed damages against Defendant.
    f. Any other relief that this Court deems just and proper.

Dated: December 12, 2024
       New York, New York

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiffs*

_____
Derek T. Smith, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
212-587-0760