**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MELINDA FARINA and BEAUTY BROKERS – MELINDA FARINA INCORPORATED, | Civil Action No. 24-11098 (SDW) (AME) |
| Plaintiffs, | **WHEREAS OPINION** |
| v. | January 12, 2026 |
| DANA ABED OMARI, |  |
| Defendant. |  |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Plaintiffs Melinda Farina and Beauty Brokers – Melinda Farina Incorporated's (collectively, "Plaintiffs") Motion for Sanctions (D.E. 28) against Defendant Dana Abed Omari ("Defendant") and her counsel, Daniella Gordon, Esq., and Defendant's Motion for Sanctions (D.E. 27) against Plaintiffs; and

**WHEREAS** Federal Rule of Civil Procedure ("Rule") 11(b) requires parties to certify that (1) their pleadings are not presented for any improper purpose, such as to harass or to delay the litigation; (2) the claims are warranted by existing law; and (3) the factual allegations are supported by evidence.[1]  Fed. R. Civ. P. 11(b).  Rule 11(c) authorizes federal courts to impose sanctions against the parties for violations of the Rule.  Fed. R. Civ. P. 11(c).  Under 28 U.S.C. § 1927

---

[1] On July 17, 2025, Plaintiffs submitted a letter indicating they would no longer rely on Rule 11(c)(3) and only rely on 28 U.S.C. § 1927 and this Court's inherent power to impose sanctions in their Motion for Sanctions.  *See* D.E. 29.

("Section 1927"), courts may sanction any attorney who unreasonably and vexatiously multiplies legal proceedings, thereby increasing the cost of the proceedings with bad faith or intentional misconduct.  *LaSalle Nat. Bank v. First Connecticut Holding Grp., LLC.*, 287 F.3d 279, 288 (3d Cir. 2002) (citing *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002)).  A district court has the inherent discretion to "fashion an appropriate sanction for conduct which abuses the judicial process."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); and

**WHEREAS** a motion for sanctions is premature when there are pending dispositive motions or when the motion is aimed at the merits of the dispute before the underlying issues have been resolved by the court.  *See Braun v. Schwartz*, No. 12-6224, 2013 WL 4008820, at *4 (D.N.J. Aug. 5, 2013) (denying the defendant's motion for sanctions where his motion to dismiss was pending); *O'Brien v. Compass Grp. USA, Inc.*, No. 17-13327, 2024 WL 3949319, at *8 (D.N.J. Aug. 26, 2024) (citing *Tiger Supplies Inc. v. MAV Assocs. LLC*, No. 20-15566, 2022 WL 195858, at *2 (D.N.J. Jan. 21, 2022)); and

**WHEREAS** here, both Plaintiffs and Defendant have moved for sanctions against each other.  At the time of the motions, the Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint was still pending.  (*See generally* D.E. 21, 27, 28.)  Pursuant to this Court's Order and Opinion issued on September 29, 2025, Plaintiff was granted leave to file a Second Amended Complaint and did so on October 29, 2025.  (*See generally* D.E. 37, 38, 39.)  Because the Second Amended Complaint currently has pending dispositive motions and both Motions for Sanctions present arguments about the merits of the dispute that have yet to be addressed by this Court, both Plaintiffs' and Defendant's Motions for Sanctions are premature; therefore

Both Motions for Sanctions are **DENIED**, and this Court will preserve Defendant's right to reassert its motion at a later time, if appropriate.  An appropriate order follows.


/s/ Susan D. Wigenton

**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       André M. Espinosa, U.S.M.J.