<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

MELINDA FARINA and
BEAUTY BROKERS – MELINDA FARINA
INCORPORATED,

                Plaintiffs,

v.

DANA ABED OMARI,

                Defendant.

Civil Action No. 24-11098 (SDW) (AME)

**OPINION**

July 21, 2026

**WIGENTON**, District Judge.

       **THIS MATTER** having come before this Court upon Plaintiffs Melinda Farina and Beauty Brokers – Melinda Farina Incorporated's ("Plaintiffs") Motion for Reconsideration (D.E. 53) filed in connection with this Court's June 2, 2026 Opinion (D.E. 51 ("Opinion")) dismissing Plaintiffs' claims against Defendant Dana Abed Omari ("Defendant") with prejudice, and this Court having reviewed Plaintiff's brief in support of her Motion for Reconsideration (D.E. 53) and Defendant's brief in opposition (D.E. 59); and

       **WHEREAS** "[t]he purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration has merit only when the movant shows "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Id.* Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 185, 189 (D.N.J. 2013). "Mere disagreement with a court's decision normally

1

should be raised through the appellate process and is inappropriate on a motion for re[consideration]." *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

**WHEREAS** in the instant Motion for Reconsideration, Plaintiffs argue that this Court erred in its Opinion by: (1) ruling that this action is subject to New Jersey's anti-strategic lawsuits against public participation ("SLAPPs") statute, the Uniform Public Expression Protection Act ("UPEPA"), N.J. Stat. Ann. § 2A:53A-49 *et seq*; (2) not applying the commercial speech exception to UPEPA; and (3) applying legal errors in its defamation analysis. (*See* D.E. 53 at 1–2.) Specifically, Plaintiffs contend that the application of UPEPA to this matter conflicts with the U.S. Supreme Court's recent decision in *Berk v. Choy*, 607 U.S. 187 (2026)[1], which reinforced the principle that a valid federal rule of civil procedure displaces contrary state law even if the state law would qualify as substantive under *Erie*. (*Id.* at 4–7.) Relying on this principle, Plaintiffs assert that a motion under Section 3 of UPEPA, which states that a fee award is available if the moving party prevails on an order to show cause, is unavailable in federal court and requires evidentiary showings that conflict with federal standards. (*Id.*)

First, this Court rejects Plaintiff's argument that this Court erred by finding that this action is subject to UPEPA. Critically, in *Berk*, the Supreme Court found that Delaware's affidavit law conflicted with Federal Rules because it required an additional filing that is inconsistent with federal pleading requirements. 607 U.S. at 194. Plaintiffs argue that UPEPA's Section 3 "special" motion does the same by requiring a conflicting pleading-stage dismissal standard. (D.E. 53 at 5.)

---

[1] This Court notes that Plaintiffs raise this argument for the first time in their Motion for Reconsideration. A motion for reconsideration "may not be used to re-litigate old matters, ***nor to raise arguments or present evidence that could have been raised prior to the entry of judgment***." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (emphasis added). Although *Berk* was decided on the same day that Defendant's Motion to Dismiss was returnable, at no time prior to this Court's June 2, 2026 Opinion did Plaintiffs seek leave to file a Notice of Supplemental Authority to alert the Court of *Berk* or its potential relevance.

According to Plaintiffs, this "special" motion is the triggering motion for UPEPA's fee shifting provision, and thus, the only way a prevailing party may seek fees and costs. (*Id.*)  However, this Court is not persuaded by Plaintiffs assertion that a Section 3 "special" motion, which Plaintiffs contend is unavailable in federal court, is required to apply UPEPA's fee shifting provision. UPEPA's applicable dismissal standards, N.J. Stat. Ann. § 2A:53A-55(b)(i) and (ii), mirror Federal Rules 12 and 56.  Thus, as correctly stated in *Paucek*, a prevailing party's right to mandated attorney's fees and costs under UPEPA, is not restricted to a "special" motion but may also be available when a defendant secures dismissal in federal court under either Rule 12 or 56.  *See Paucek v. Shaulis*, 349 F.R.D. 498, 519 (D.N.J. 2025); *Jones v. Kleinman*, No. 2:24-10750, 2026 WL 1470538, at *1 n.1 (D.N.J. May 26, 2026) (agreeing with *Paucek*, post-*Berk*, that UPEPA's fee shifting provision is available to a defendant who secures dismissal in federal court under Rule 12 or 56); *see also Lento L. Grp., PC v. Hendrickson*, No. 3541-23, 2026 WL 1725344, at *4 (N.J. Super. Ct. App. Div. June 15, 2026) (stating that under UPEPA, "the statutory text clearly demonstrates a complaint may be dismissed through a summary judgment motion or a motion to dismiss standard.").  Furthermore, N.J. Stat. Ann. § 2A:53A-55(b)(i) and (ii) do not require Plaintiffs to make a showing that the Federal Rules do not require in order for a defendant to shift fees and costs.  As such, *Paucek* and this Court's June 2, 2026 ruling do not conflict with *Berk*; and

**WHEREAS** Plaintiffs' reliance on other Circuit opinions, where courts have held that a state's Anti-SLAPP statute's "special" motion mechanism conflicted with the Federal Rules and does not apply in federal court, is misplaced as none of the cited opinions concern New Jersey's UPEPA.[2]  Additionally, UPEPA is distinguishable from the Anti-SLAPP statutes referenced in

---

[2] Plaintiffs reference the following cases: *Abbas v. Foreign Policy Grp.*, LLC, 783 F.3d 1328, 1333-37 (D.C. Cir. 2015) (finding that the District of Columbia's Anti-SLAPP statute is inapplicable in federal court); *Klocke v. Watson*, 936

such opinions because UPEPA, unlike the other statutes, permits a court to award fees if the defendant meets a Rule 12 motion to dismiss standard or a Rule 56 summary judgment standard; and

**WHEREAS** the remainder of Plaintiffs' Motion for Reconsideration fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its Order, or an error of fact or law that, if left uncorrected, would result in manifest injustice. Instead, Plaintiffs simply claim that this Court was wrong and raises the same arguments this Court already considered and rejected. *See, e.g.*, *Ippolito v. Carpenito*, No. 19-19818, 2020 WL 1847671, at *1 (D.N.J. Apr. 13, 2020) ("A motion for reconsideration . . . does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion."); *see also ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (quoting *P. Schoenfeld Asset Mgmt. LLC*, 161 F. Supp. 2d at 353) ("Mere 'disagreement with the Court's decision' does not suffice."). Accordingly, Plaintiffs have failed to carry their burden of establishing that they are entitled to further relief on a motion for reconsideration; therefore,

Plaintiffs' Motion for Reconsideration is **DENIED**. An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:     Clerk
André M. Espinosa, U.S.M.J.
Parties

---

F.3d 240, 244-49 (5th Cir. 2019)(Texas's anti-SLAPP statute is inapplicable in federal court); Los *Lobos Renewable Power, LLC v. AmeriCulture, Inc.*, 885 F.3d 659, 668-73 (10th Cir. 2018) (New Mexico's anti-SLAPP statute is inapplicable in federal court); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1349-57 (11th Cir. 2018)(Georgia's anti-SLAPP statute is inapplicable in federal court); *La Liberte v. Reid*, 966 F.3d 79, 86-88 (2d Cir. 2020) (California's anti-SLAPP statute is inapplicable in federal court).